ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 28 2008

at 3 o'clock and 30 min ___ M.
SUE BEITIA, CLERK

JEFF CRABTREE                          #3405
LAW OFFICES OF JEFF CRABTREE
820 Mililani Street, Suite 701
Honolulu, Hawai'i  96813
Telephone:  (808) 536-6260
Fax: (toll-free) 1-866-339-3380
lawyer@consumerlaw.com


COLLIN M. (MARTY) FRITZ        #1763
ALLEN K. WILLIAMS                  #2900
820 Mililani Street, Suite 701
Honolulu, Hawai'i  96813
Telephone: (808) 528-3900
Fax: (808) 533-3684
cmfritz@lawctr.net
allen@lawctr.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

KSC

| | |
|---|---|
| ALBERT  GUARINO,  Individually,  )<br>and as the Personal Representative of )<br>THE ESTATE OF JAN GUARINO, )<br>CHARMIAN  C.  GUARINO,  and )<br>MARIANA N. GUARINO, )<br><br>    Plaintiffs,  )<br>         )<br> vs.     )<br>         )<br>UNITED STATES OF AMERICA, )<br>         )<br>    Defendant. )<br>         ) | CIVIL NO. CV08 00193 SOM<br>(Federal Tort Claims Act)<br><br>COMPLAINT AND SUMMONS<br>TO ANSWER CIVIL<br>COMPLAINT |

COMPLAINT

1.    Plaintiffs were at times relevant to this action, residents of Honolulu, Hawaii.

2.    At all times relevant to this action, ALBERT GUARINO and JAN GUARINO were married.  They were married on the date of JAN GUARINO'S death.

3.    CHARMIAN C. GUARINO and MARIANA N. GUARINO are the daughters of Albert and Jan Guarino.  Charmian was born June 26, 1990, and Mariana was born December 7, 1993.

4.    JAN GUARINO, at all times relevant to this case, was a civilian.  JAN GUARINO died on October 12, 2005.  ALBERT GUARINO was appointed as the Personal Representative of the Estate of JAN GUARINO, by order of the Registrar of the Circuit Court of the First Circuit, State of Hawaii, said order filed on July 5, 2007, in Probate No. 07-1-0369.

5.    This action arises under the federal Torts Claims Act, 28 U.S.C. Section 2671, et seq.   This Court has jurisdiction pursuant to 28 U.S.C. 1346(b) and 2671, et seq.

6.    All administrative procedures have been complied with and are exhausted and this Complaint is timely filed.

7.    The acts and omissions complained of herein occurred within the

District of Hawaii, and venue is proper in this Court pursuant to 28 U.S.C.

1391(b)(2).

8.    Defendant United States of America, through the Hickam Clinic and

Tripler Army Medical Center, provides medical care, treatment and services to

certain eligible personnel.

9.    At all times relevant herein, Decedent JAN GUARINO was eligible to

receive and did receive medical care, treatment, and services at Defendant United

States of America's health care facilities.

10.    Defendant United States of America, in providing the above-

mentioned medical care, treatment, and services, holds itself out to use that degree

of care, skill, diligence, and attention used by hospitals and health care facilities

generally in the community.

11.    Defendant United States of America, in operating its above-described

medical facilities, has in its employ and/or agency, among others, doctors, nurse

practitioners, nurses, nurses' aides and other personnel over which it exercises

exclusive control and supervision, with the right to employ and discharge such

employees.  At all times relevant herein, the above-mentioned health care providers

were acting within the course and scope of said employment and/or agency, and,

therefore Defendant United States of America is legally responsible for any and all

negligent acts and/or omission committed by said health care providers in rendering

medical care, treatment and services to JAN GUARINO.

12.    Defendant United States of America owed a duty to Decedent JAN

GUARINO to have or employ physicians and health care providers possessing and

exercising that standard of professional training, skill, knowledge, and ability

ordinarily possessed and exercised by a physician or health care provider engaged

in their respective areas of medicine.

13.    JAN GUARINO was a regular patient at the Hickam Clinic.  She had

been started on oral contraceptives for hormonal manipulation of irregular

menstrual bleeding.  The use of hormone treatment is associated with increased risk

of clot formation.

14.    JAN GUARINO was seen at Hickam Family Practice Clinic on

September 20, 2005 by Capt. Steven A. Kelham, Physician Assistant-C and Stancy

H. Grissett, with complaints of shortness of breath for 7 days, mostly with physical

exertion.  She reported pain on the left side of her lung, and described it as a

stabbing pain that she felt when she sneezed or took a deep breath or when she

reached down for something.

15.    Capt. Kelham ordered a chest x-ray.  This x-ray study was interpreted

by Dr. Raoul O. Hagen, M.D. (Plaintiffs believe Dr. Hagen worked at Tripler's

4

Radiology Department).   Dr. Hagen reported there was no acute cardiopulmonary

disease, and noted fibrosis in the [left lower lobe].

16.   A Spirometry test was performed at the Pulmonary Function

Laboratory at Tripler Army Medical Center on September 20, 2005.  The reason

given for the test: "history of unprovoked dyspnea on exertion with episodic

orthopnea.  Please evaluate for occult obstructive disease."  The spirometry data

was interpreted by Maj. Eric A. Crawley, M.D., who reported that JAN GUARINO

had "an obstructive defect on baseline spirometry which is mild..... by percent

predicted FEV1."  She reportedly did not have a significant response to

bronchodilation.

17.   JAN GUARINO's primary care providers failed to properly evaluate,

diagnose, treat, and/or refer her for further evaluation and work-up of her

complaints of shortness of breath and lung pain.  As a result, JAN GUARINO died

on October 12, 2005 (22 days later) from pulmonary thromboembolism, as a result

of her health care providers' failure to monitor, diagnose, refer, and/or treat her for

a blood clot in her lung.

18.   Defendant was negligent, and breached the standard of care, and its

actions were a substantial factor in causing injury to Plaintiffs, including JAN

GUARINO's death.

19.   JAN GUARINO was not fully informed of possible risks, contraindications, or alternatives to the course of treatment or non-treatment which Defendants undertook or failed to undertake. Defendants' failure to obtain informed consent from JAN GUARINO was a breach of their obligation to her.  JAN GUARINO would have sought further evaluation and/or treatment if she had understood the risks of Defendants' course of treatment or non-treatment. Defendants' breach was a substantial factor causing the wrongful death of JAN GUARINO, and injury to Plaintiffs.

20.   Defendants' actions or inactions resulted in JAN GUARINO losing a significant or substantial possibility of survival, and/or increased the risk of harm to JAN GUARINO.

21.   As a legal cause of the negligence of the Defendants, Decedent JAN GUARINO experienced great pain and suffering and mental anguish prior to her death, and Decedent's estate is thereby entitled to recover damages as provided in HRS § 663-7.

22.   As a legal cause of the negligence of the Defendant United States of America, Decedent's estate has incurred pecuniary losses; and Decedent's estate is thereby entitled to recover damages as provided in HRS § 663-8.

23.    As a legal cause of the negligence of the Defendant United States of America, which resulted in Decedent's death, Decedent's estate has been compelled and did make and incur various costs and funeral expenses, in such amounts as shall be shown at the time of trial, and Decedent's estate is thereby entitled to recover damages as provided in HRS § 663-3.

24.    As a legal cause of the negligence of Defendant United States of America, Plaintiffs ALBERT GUARINO, CHARMIAN GUARINO, and MARIANA GUARINO, have suffered and will continue to suffer in the future, pecuniary injury, loss of financial support, and the loss of love and affection, loss of parental care, society, companionship, comfort, guidance, services, and loss of consortium of JAN GUARINO, deceased, and are thereby entitled to recover damages pursuant to HRS § 663-3.

25.    ALBERT GUARINO was present in the ambulance during his wife's final convulsions, and death.  As a legal cause of the negligence of defendant, as mentioned above, Plaintiff ALBERT GUARINO suffered serious emotional distress and shock, and thereby suffered the negligent infliction of emotional distress.

26.    Defendant's actions or inactions were a substantial factor in causing the above-described injury to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendant United States of America for general and special damages in amounts to be shown at trial; for Plaintiffs' costs, interest, reasonable attorneys' fees; and such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawai'i, April 28, 2008.

JEFF CRABTREE
ALLEN K. WILLIAMS
Attorneys for Plaintiffs

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### District of Hawaii

ALBERT GUARINO, Individually,
and as Personal Representative of
The Estate of Jan Guarino, Charmian C.
Guarino, and Mariana N. Guarino          **SUMMONS IN A CIVIL ACTION**

            V.

UNITED STATES OF AMERICA

                            CASE NUMBER:

TO: (Name and address of Defendant)

UNITED STATES OF AMERICA
c/o Edward H. Kubo, Esq., U.S. Attorney
Office of the U. S. Attorney
300 Ala Moana Blvd., Room 6100
Honolulu, Hawaii  96813

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jeff Crabtree, Esq.
Law Office of Jeff Crabtree
Allen K. Williams, Esq.
Trecker & Fritz
820 Mililani St., Suite 701
Honolulu, Hawaii  96813

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

SUE BEITIA                                                  APR 2 8 2008

_____          _____
CLERK                                                          DATE

_____
(By) DEPUTY CLERK

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL  $0.00 |
|---|---|---|

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                           Date                        *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.